**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Johnny R. YOUNGBLOOD,
Defendant–Appellant.**

**No. 93–6065.**

United States Court of Appeals,
Tenth Circuit.

Jan. 4, 1994.

---

Susan Otto, Federal Public Defender, (June E. Tyhurst, Asst. Federal Public Defender, on the brief), Oklahoma City, OK, for defendant-appellant.

H. Lee Schmidt, Asst. U.S. Atty. (John E. Green, then U.S. Atty., and Leslie M. Kaestner, Asst. U.S. Atty. were with him on the brief), Oklahoma City, OK, for plaintiff-appellee.

Before LOGAN and MOORE, Circuit Judges, and BROWN, Senior District Judge.*

WESLEY E. BROWN, Senior District Judge.

In this appeal we review the denial of two motions to vacate sentences filed by the defendant Youngblood pursuant to 28 U.S.C. § 2255. The issue in both motions is whether Youngblood was denied effective assistance of counsel because his attorney allegedly failed to file a direct appeal following defendant's plea of guilty to two counts of a multi-count indictment. Following our review of the record, we affirm the judgment denying relief under 28 U.S.C. § 2255.

This action was referred to a magistrate, who held an evidentiary hearing and thereafter filed his report with a recommendation that the petitions be denied. After Youngblood objected to the report, the district court reviewed the record *de novo,* and adopted the report and recommendation of the magistrate. The court's review included a personal listening to the tapes of the evidentiary hearing, as suggested by *Clark v. Poulton,* 963 F.2d 1361, 1368 (10th Cir.1992), *cert. den.* —— U.S. ——, 113 S.Ct. 635, 121 L.Ed.2d 566; *Gee v. Estes,* 829 F.2d 1005, 1009 (10th Cir.1987) ("In conducting (a *de novo* ) review, the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing.").

Youngblood was originally charged in an eleven-count indictment with various drug-related offenses, including conspiracy and use of a firearm in connection with drug distributions. Pending trial, he was admitted to an inpatient drug treatment program; but he escaped, and a bench warrant was issued for his arrest on November 21, 1988. He was not apprehended until sometime in September, 1989, when he was arraigned, and Joseph L. Wells was appointed as his counsel. Mr. Wells testified that he prepared for trial and was ready for trial, but during plea negotiations, the government offered to dismiss all other counts if Youngblood would plead guilty to Count 7, involving distribution of methamphetamine, and to Count 8, charging the use of a firearm in connection with the distribution charge. The gun charge in itself carried a mandatory minimum sentence of 5 years. Mr. Wells discussed the offer with Youngblood and his family, and all witnesses at the hearing agreed that these discussions took place with counsel advising that Youngblood was facing a minimum sentence of 87 months according to his computations under sentencing guidelines. Youngblood agreed to, and did in fact plead guilty to the two counts on November 6, 1989. After the pre-sentence report was filed, Mr. Wells went over it with Youngblood, and some minor corrections were made.

In the sentencing report, the base offense level was calculated at Level 16, with a two-point increase for obstruction of justice due to Youngblood's escape from custody. Based on appropriate computations, the report listed a guideline imprisonment · of 27 to 33 months which, with the mandatory 60–month consecutive sentence on the gun charge, increased the range to 87 to 90 months' imprisonment.

At the time Youngblood entered his plea of guilty, he was at first hesitant to plead to the gun charge. While he admitted the drug

---

* Honorable Wesley E. Brown, Senior District Judge, District of Kansas, sitting by designation.

transaction, he denied having a shotgun with him at the time. When asked if there was ever a time when he had a shotgun with him during a drug transaction, he replied affirmatively; and an offer of proof was made by the government to the effect that an undercover agent would testify that Youngblood had the shotgun with him in the van when he sold drugs to the officer and that he had had the shotgun with him during other drug transactions. The district judge then read the count pertaining to the firearm to Youngblood; at that time, he pled guilty to the charge.

Mr. Wells testified that prior to sentencing he discussed the procedure with Youngblood and advised him that if the judge departed upwards from the guidelines, or if he did not sentence the defendant according to minimum guidelines, he would appeal the sentence, but that otherwise, there would be nothing to appeal. The magistrate and the trial court found this testimony to be more credible than that of Youngblood and his witnesses.

At sentencing, Wells again spoke with defendant and his family, and they understood that he was facing a minimum sentence of 87 months. At this hearing, Mr. Wells argued that Youngblood should be sentenced at the low end of the guidelines, and the district court did in fact sentence Youngblood to 87 months, the absolute minimum for the two offenses.

The magistrate and the trial court found that following the sentencing Mr. Wells told the defendant that, since he had received the minimum sentence, there would be no appeal. It appears without dispute that Youngblood never asked his counsel to file an appeal. Mr. Wells testified that, if he had requested one, he would have filed the appeal but would then have withdrawn from the case because he did not believe there were any issues to appeal. Youngblood testified at the § 2255 hearing that Wells told him after the sentencing that he would file an appeal. Again, the magistrate and the trial court found Mr. Wells' testimony concerning this conversation to be the more credible. Following a personal review of the tapes of the evidentiary hearing held by the magistrate, the district court found that the evidence supported the factual findings of the magistrate; and those findings were adopted in toto by the trial court.

In *U.S. v. Davis,* 929 F.2d 554, 557 (10th Cir.1991), a panel of this court found that a defendant is denied effective assistance of counsel if he asks his counsel to file an appeal and counsel fails to do so. This right to counsel applies after sentence is imposed in determining whether an appeal will be filed. *Baker v. Kaiser,* 929 F.2d 1495, 1499 (10th Circuit 1991). In *Baker,* this court held that counsel must fully explain the advantages and disadvantages of an appeal, provide the defendant with advice about the merits of an appeal and its probability of success, and inquire whether a defendant wishes to appeal the conviction.

Here, these requirements were met by Mr. Wells. He went over the decision to plead guilty numerous times and discussed the strategy of pleading guilty to only two counts and the possibility that a minimum sentence might be imposed. In fact, such a sentence was imposed. Youngblood's "okay" after Wells told him that an appeal would not be filed may be taken as an assent to this course, and the transcript of hearing makes it clear that he never affirmatively indicated any desire to appeal to his counsel or to the district judge.

Under these circumstances, we agree with the trial court's finding that Youngblood received effective assistance of counsel, and that he knowingly waived his right to appeal.

The judgment of the district court is AFFIRMED.