34 F.3d 1076
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Peter J. McMAHON, Petitioner-Appellant,
v.
Gary D. MAYNARD, Warden; State of Oklahoma, Respondents-Appellees.
 No. 93-5069.
 United States Court of Appeals, Tenth Circuit.
 Aug. 1, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON and KELLY, Circuit Judges.[2]
 
 
 1
 This is an appeal from a remand judgment of the district court which again dismissed Mr. McMahon's habeas corpus petition, 28 U.S.C. 2254. In McMahon v. Maynard, No. 90-5217, unpub. order and judgment (10th Cir. Sept. 4, 1991), we held that the dismissal of Mr. McMahon's ineffective assistance of counsel claim was not moot because it challenged underlying 1981 convictions, although Mr. McMahon had been released from custody. Id. at 3-4. Mr. McMahon claimed that ineffective assistance of counsel deprived him of an opportunity to appeal and demonstrate a breach of the plea agreement, thereby rendering his plea involuntary. Id. at 4. Prior to dismissal, the district court had ruled that the Oklahoma state court erred by using a federal Youth Corrections Act conviction to enhance the 1981 convictions.
 
 
 2
 On remand, the district court held an evidentiary hearing concerning the ineffective assistance of counsel claim. The court found the testimony of defense counsel credible, and that counsel acted competently and responsibly. The district court also determined that Mr. McMahon's claim was procedurally barred based upon an informed decision not to appeal, denied the ineffective assistance claim on the merits, and further held that the guilty pleas waived all non-jurisdictional defects. I R. doc. 70 at 2.
 
 
 3
 The Sixth Amendment right to counsel applies to direct criminal appeals, and counsel is required to explain the advantages and disadvantages of an appeal, and perfect a defendant's right to a direct criminal appeal, should a defendant choose to exercise that right. United States v. Youngblood, 14 F.3d 38, 40 (10th Cir.1994). To prevail upon a claim of ineffective assistance of counsel, a defendant is required to show objectively deficient performance and prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). In the context of guilty pleas alleged to be involuntary, a defendant shows prejudice by proving that, but for the ineffective assistance, he would have gone to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 4
 On appeal, Mr. McMahon argues that had he been properly advised about his right to appeal, he would have been able to appeal two issues: (1) restitution imposed, but not contemplated by the plea agreement, and (2) the improper enhancement. He contends that because of the subsequent enactment of Oklahoma's system of granting emergency time credits, Okla. Stat. Ann. tit. 57, 570-576 (West 1991 & 1994 Supp.) (Oklahoma Prison Overcrowding Emergency Powers Act), he was incarcerated for a longer period of time due to the erroneous enhancement. According to Mr. McMahon, he did not appeal because he was indigent and unaware of his right to appeal at state expense. Finally, Mr. McMahon contends that his plea lacked a factual basis, a claim belatedly raised at the evidentiary hearing.
 
 
 5
 At the hearing, Mr. Malloy, the lawyer who represented Mr. McMahon, testified that he advised Mr. McMahon not to appeal because, in entering a plea to the six felonies and receiving concurrent sentences, Mr. McMahon avoided the uncertain outcome of separate felony trials and the greater exposure to incarceration inherent in consecutive sentences. The lawyer was aware of the grounds for an appeal, but could not predict the adverse consequences from the subsequently enacted law concerning emergency time credits. Finally, counsel indicated that Mr. McMahon chose not to appeal.
 
 
 6
 While we review a district court's factual determinations under 28 U.S.C. 2254 for clear error, our review of the performance and prejudice elements of ineffective assistance is de novo because mixed questions of fact and law are involved. United States v. Whalen, 976 F.2d 1346, 1347 (10th Cir.1992). Counsel's conduct is evaluated when it occurred, and there is a strong presumption that significant decisions were made in the exercise of reasonable professional judgment. Strickland, 466 U.S. at 690. Defense counsel's investigation of the Youth Corrections Act sentence was reasonable given the combination of offenses charged. Counsel's strategic advice not to appeal was likewise reasonable. The district court credited the defense lawyer's testimony that Mr. McMahon was apprised of the various alternatives concerning an appeal, and chose not to appeal. We affirm the district court's judgment on the ground that Mr. McMahon has not shown ineffective assistance of counsel.
 
 
 7
 As for Mr. McMahon's claim that the pleas lacked a factual basis, we do not normally entertain exhausted and unexhausted claims. See Rose v. Lundy, 455 U.S. 509, 522 (1982). A review of the record on appeal indicates that this unexhausted claim was not raised in a timely manner during the lengthy course of these proceedings. Accordingly, we deem the claim waived.
 
 
 8
 We GRANT a certificate of probable cause, 28 U.S.C. 2253, and AFFIRM the district court's judgment.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument