53 F.3d 342
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Darrell R. BRIGGS, Petitioner-Appellant,
v.
Michael CARR, Respondent-Appellee.
 No. 94-5161.
 United States Court of Appeals, Tenth Circuit.
 May 1, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Darrell Ray Briggs, proceeding pro se, appeals the dismissal of his application for a writ of habeas corpus. The district court granted Mr. Briggs' request for a certificate of probable cause and denied his motion to proceed in forma pauperis on appeal. We grant Mr. Briggs' motion in this court to proceed in forma pauperis and affirm the denial of his petition for a writ of habeas corpus.
 
 BACKGROUND
 
 3
 Mr. Briggs pled guilty in Oklahoma state court to charges of First Degree Rape, First Degree Burglary, Assault and Battery with a Dangerous Weapon, and Rape by Instrumentation. After the court sentenced Mr. Briggs to fifteen years' imprisonment, the following exchange occurred:
 
 
 4
 (By the Court)
 
 
 5
 Q. Now, you've been represented by your attorney, Loretta Jackson. Are you satisfied with her representation of you?
 
 
 6
 A. I am, Your Honor.
 
 
 7
 Q. You have the right to request immediate transportation to the penitentiary or wait ten days.
 
 
 8
 A. May I speak with my attorney?
 
 
 9
 Q. Sure.
 
 
 10
 A. I'll exercise my ten-day right, sir.
 
 
 11
 THE COURT: Show the Defendant requests to wait ten days in the Tulsa County Jail.
 
 
 12
 (By the Court)
 
 
 13
 Q. Mr. Briggs, I want to advise you of your right to appeal. You have a right to appeal this decision of this Court. You have a right to file a Petition in the Court of Criminal Appeals for a Writ of Certiorari. That is a request for that Court to review this Judgment and Sentence. Do you understand that?
 
 
 14
 A. Yes, I do.
 
 
 15
 Q. To appeal from this conviction on your plea of guilty, you must file an application to withdraw your plea of guilty within ten days of today. If you do that, I have to set it for hearing within thirty days of when you file it. Do you understand that?
 
 
 16
 A. Yes, I do, sir.
 
 
 17
 Q. No question may be raised in the Petition for Writ of Certiorari which requires an evidentiary hearing, unless the same has been raised in the application to withdraw your plea in the Trial Court, and a hearing held thereon. Petition for Writ of Certiorari must be filed in the Court of Criminal Appeals within ninety days of today. Do you understand that?
 
 
 18
 A. I do, sir.
 
 
 19
 Q. If you do want to appeal, or decide you want to appeal, your attorney, Loretta Jackson, would represent you, but you'll have to notify her. Do you understand that?
 
 
 20
 A. Yes, sir.
 
 
 21
 Tr. of Proceedings at 8-9, R. at Tab 13.
 
 
 22
 Mr. Briggs claims that on April 24, 1989--six days after that exchange occurred--he sent a note to his attorney, Ms. Jackson, through the Tulsa County jailer, because he wished to speak to her about withdrawing his guilty plea. The next day, Mr. Briggs was transported to the Lexington Assessment and Reception Center, where he says he immediately contacted a law clerk in order to file the necessary papers to withdraw his guilty plea. He alleges that he was unable to file those documents, however, because he was then transferred to the Dick Conners Correctional Center, whence Mr. Briggs claims he wrote a letter to Ms. Jackson asking to withdraw his guilty plea, but to which he received no response. Mr. Briggs claims that after the ten-day period in which to withdraw his guilty plea had expired, he wrote to Ms. Jackson requesting his court records, which he apparently promptly received.
 
 
 23
 As the district court observed, the record "contains no reference of Briggs's April 24, 1989 note to the jailer or of the letter which Briggs allegedly wrote the Public Defender from DCCC within the ten-day period to withdraw his guilty plea." Order at 4, R. at Tab 14. The record does reflect that Mr. Briggs mailed a letter to Ms. Jackson on May 23, 1989, and on October 4, 1989, R. at Tab 5 Exs. C and D, well beyond the ten-day period. Mr. Briggs never actually applied to withdraw his guilty plea.
 
 
 24
 In April 1992, Mr. Briggs filed a petition for post-conviction relief in the Tulsa County District Court, alleging, inter alia, that he had been denied his right to appeal through no fault of his own. The district court rejected that argument, finding that nothing in the record supported his claim that he had attempted to contact his attorney, and noting that an affidavit from Ms. Jackson attached to the state's response to Mr. Briggs's petition refuted his claims.[2] Briggs v. State, No. CF-88-4346, slip op. at 3 (Okla. Dist. Ct. May 12, 1992), R. at Tab 5 Ex. C.
 
 
 25
 Mr. Briggs also alleged that various errors occurred in connection with a line-up and identification of him, that his sentence was improperly enhanced, and that part of the information offered at his preliminary hearing was insufficient. The state district court found that Mr. Briggs had waived all of those arguments, because he failed to timely file a direct appeal and failed to offer a "sufficient reason" for not doing so. Id.[3]
 
 
 26
 The Oklahoma Court of Criminal Appeals affirmed, stating as follows:
 
 
 27
 [Mr. Briggs] raises several propositions of error, most of which are defenses or other matters that should have been raised at trial. Such propositions were waived when Petitioner waived his rights, including his right to a jury trial, and elected to enter a plea of guilty. See King v. State, 553 P.2d 529 (Okl. Cr.1976). Petitioner does claim that he was denied the right to appeal his guilty plea through no fault of his own. The District court denied this claim finding that the evidence presented, other than Petitioner's own unsupported statements, indicated no attempts by Petitioner to contact the court or his attorney to appeal his conviction. Petitioner has not established that the District court abused its discretion in making this finding.
 
 
 28
 Briggs v. State, No. PC-92-535 (Okla.Crim.App. filed Mar. 29, 1993), R. at Tab 1.
 
 
 29
 Mr. Briggs then filed the present habeas petition in the United States District Court for the Northern District of Oklahoma. He again alleged that he was denied an appeal through no fault of his own, and he alleged the same errors relating to the line-up and identification, the preliminary hearing and the enhancement of his sentence as he had raised in his state post-conviction proceeding. The state responded that Mr. Briggs had procedurally defaulted his claims.
 
 
 30
 After concluding that Mr. Briggs had exhausted his claims and that an evidentiary hearing was not required, the district court considered the state's procedural default argument. It concluded that the decision of the Oklahoma Court of Criminal Appeals rested on a state procedural bar, and that Mr. Briggs was arguing that "government interference" in the form of transferring him before his ten-day period in the jail had expired, and his attorney's failure to visit him during that period constituted cause for his procedural default. The court rejected both of those arguments and held his claims to be procedurally barred.
 
 
 31
 Mr. Briggs appeals that decision, framing the issues before us as follows: "[w]hether Briggs was entitled to assistance of counsel, after he requested the public defender to visit him in the county jail, during the ten-day period required to withdraw his plea of guilty and whether governmental interference deprived Briggs of his right to appeal his guilty plea, even though, Briggs has a defense to present to a jury." Appellant's Opening Br. at 2. The state has not filed a brief on appeal.
 
 DISCUSSION
 
 32
 When reviewing the denial of a habeas petition, we accept the district court's factual findings unless clearly erroneous, and we review de novo the court's legal conclusions. Hill v. Reynolds, 942 F.2d 1494, 1495 (10th Cir.1991). In reviewing the denial of a pro se litigant's petition, we liberally construe the petitioner's pleadings. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Klein v. Neal, 45 F.3d 1395, 1398 (10th Cir.1995).
 
 
 33
 Federal habeas relief is available only for errors of "the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991); Fero v. Kerby, 39 F.3d 1462, 1474 (10th Cir.1994), petition for cert. filed (U.S. Jan. 26, 1995) (No. 94-7904). It is not available for errors of state law alone. Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Hardiman v. Reynolds, 971 F.2d 500, 505 n. 9 (10th Cir.1992). However, even federal claims may be barred from habeas review if the highest state court to consider the claims has held them barred on an adequate and independent state ground, unless the petitioner can demonstrate cause for the default and actual prejudice therefrom, or that the failure to grant relief will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 749-50 (1991); Brecheen v. Reynolds, 41 F.3d 1343, 1353 (10th Cir.1994).
 
 
 34
 The Oklahoma Court of Criminal Appeals appears to have held that all of Mr. Briggs' claims, except his claim that he was denied the right to appeal his guilty plea through no fault of his own, were waived by virtue of his guilty plea. In so holding, it cited King v. State, 553 P.2d 529 (Okla.Crim.App.1976), in which the Oklahoma Court of Criminal Appeals stated that the voluntary and intelligent entry of a guilty plea waives the right to a trial by jury, the right to confront witnesses, and the right against compulsory self-incrimination.[4] The Court's finding of waiver is independent of federal law, as it is the sole basis for finding those claims barred, and Mr. Briggs makes no challenge to its adequacy.
 
 
 35
 The Oklahoma court then appears to have addressed the merits of Mr. Briggs' claim relating to his appeal of his guilty plea:
 
 
 36
 Petitioner does claim that he was denied the right to appeal his guilty plea through no fault of his own. The District court denied this claim finding that the evidence presented, other than Petitioner's own unsupported statements, indicated no attempts by Petitioner to contact the court or his attorney to appeal his conviction. Petitioner has not established that the District court abused its discretion in making this finding.
 
 
 37
 Briggs v. State, slip op. at 2, R. at Tab 5 Ex. C. The order does not refer to any statutory or judicial rule of law which bars that claim; it merely states that the record does not support the claim. Thus, we cannot discern any clear statement of state procedural bar as to this issue.
 
 
 38
 Therefore, we have Mr. Briggs' claims which are procedurally defaulted, unless he can show cause for his default and prejudice or that a fundamental miscarriage of justice will result if we fail to consider them, and his claim of being prevented from appealing, which he asserts both as cause for his procedural default and as a freestanding claim, which the state courts addressed on its merits. We therefore address its merits, either under the guise of determining whether it is cause excusing his default or as a freestanding claim.
 
 
 39
 Mr. Briggs' claim of denial of his right to appeal has two parts: 1) the government interfered with his right to appeal by transferring him from the Tulsa County jail before the ten-day period had expired; and 2) his attorney failed to contact him, thereby denying him the effective assistance of counsel to which he is entitled. We agree with the district court's disposition of the first part of his claim. The district court correctly held that Mr. Briggs has failed to identify a federal right allegedly violated by his removal from the Tulsa County jail prior to the end of the ten-day period. At most, he may have identified a state law violation, which may not form the basis for habeas relief.
 
 
 40
 We also agree with the district court that Mr. Briggs' ineffectiveness claim fails. We review de novo claims of ineffective assistance of counsel, Brecheen, 41 F.3d at 1365-66, applying the two-part analysis of Strickland v. Washington, 466 U.S. 668, 687 (1984). That standard applies to appellate counsel as well as trial counsel. United States v. Cook, 45 F.3d 388, 392 (10th Cir.1995).
 
 
 41
 The state court clearly informed Mr. Briggs of his right to withdraw his guilty plea and appeal his conviction. Mr. Briggs argues that his counsel was ineffective in not contacting him or responding to the note he claims he sent her during the ten-day period in which he could have withdrawn his plea, in order to discuss withdrawal of the plea and his right to appeal. "An attorney has no absolute duty in every case to advise a defendant of his limited right to appeal after a guilty plea.' " Hardiman, 971 F.2d at 506 (quoting Laycock v. New Mexico, 880 F.2d 1184, 1187-88 (10th Cir.1989)). There are two exceptions to this general rule: "If a claim of error is made on constitutional grounds, which could result in setting aside the plea, or if the defendant inquires about an appeal right, counsel has a duty to inform [a defendant of his right to appeal]." Laycock, 880 F.2d at 1188 (citation omitted). "This duty arises when counsel either knows or should have learned of his client's claim or of the relevant facts giving rise to that claim.' " Hardiman, 971 F.2d at 506 (quoting Marrow v. United States, 772 F.2d 525, 529 (9th Cir.1985)).
 
 
 42
 Mr. Briggs cannot dispute that he was informed by the court of his right to withdraw his guilty plea. He argues, in essence, that he contacted his attorney, and that his expression to the court that he desired to remain in the county jail for ten days included an implicit indication that he wanted to speak with his attorney about withdrawing his plea and possibly filing an appeal, and that his attorney ignored him. We presume correct the state court finding that the evidence indicated no attempts by Mr. Briggs to contact his attorney, other than his own bald allegations to that effect. 28 U.S.C. 2254(d); see Case v. Mondragon, 887 F.2d 1388, 1392-93 (10th Cir.1989), cert. denied, 494 U.S. 1035 (1990). We agree that the record simply does not support Mr. Briggs' claims.[5] We further agree with the district court that Mr. Briggs has not alleged a constitutional claim of error that could result in setting aside his guilty plea.
 
 
 43
 Finally, we perceive no fundamental miscarriage of justice if we fail to grant the relief Mr. Briggs seeks.
 
 
 44
 For the foregoing reasons, we AFFIRM the district court's denial of Mr. Briggs' habeas petition.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 In her affidavit, Ms. Jackson stated that she had no recollection of receiving any communication from Mr. Briggs during the ten days following his guilty plea, nor could she find a record of any such communication in the file of his case. Jackson Aff. at 1-2, R. at Tab 11
 
 
 [3]
 The court cited Oklahoma cases holding that, under Oklahoma statutory and case law, a post-conviction petitioner is "barred from asserting any claims which have been, or which could have been, raised previously in his direct appeal." Hale v. State, 807 P.2d 264, 267 (Okla.Crim.App.), cert. denied, 502 U.S. 902 (1991); see also Okla. Stat. tit. 22, 1086
 
 
 [4]
 Mr. Briggs does not argue that his guilty plea was not voluntary and intelligent. While the Court of Criminal Appeals is not specific as to which of Mr. Briggs' claims it finds waived by virtue of the entry of his guilty plea, any of his claims relating to his identification, his sentence enhancement and the preliminary hearing would also be procedurally defaulted because he failed to raise them in a direct appeal. That is the ground upon which the state district court held those claims barred
 
 
 [5]
 Mr. Briggs argues that Baker v. Kaiser, 929 F.2d 1495 (10th Cir.1991), bolsters his claim of ineffectiveness. In Baker, the defendant was convicted of burglary in an Oklahoma state court and, following sentencing, was told by the court that he had ten days in which to file a written notice of his intention to appeal, if he so wished. The defendant's attorney stated that he wished to "reserve" the issue of appeal. Defense counsel then asked to be relieved of further representation and asked that the public defender's office be appointed to pursue an appeal on the defendant's behalf. The court granted the request, and the defendant asked for a transcript at public expense, to which the court acquiesced "to the extent that it's deemed necessary to take the appeal.' " Id. at 1497 (quoting Excerpt of Sentencing Proceedings, Nov. 17, 1982, at 8). No attorney from the public defender's office contacted the defendant during the ten-day period following his conviction and sentence
 We held in Baker that the Sixth Amendment "right to counsel applies to the period for perfecting an appeal." Id. at 1499. We further held that the defendant had been denied that right, describing defense counsel's obligations as follows: "Defense counsel must explain the advantages and disadvantages of an appeal[,] ... should provide the defendant with advice about whether there are meritorious grounds for appeal and about the probabilities of success [and] ... must also inquire whether the defendant wants to appeal the conviction; if that is the client's wish, counsel must perfect an appeal." Id. (citations omitted).
 In Hardiman, decided after Baker, we applied the Laycock analysis to counsel's duty following the entry of a guilty plea, implicitly accepting the state's argument in Hardiman that Baker applies in situations where the defendant has not pled guilty. See also Romero v. Tansy, 46 F.3d 1024, 1031 (10th Cir.1995) (applying Baker to claim of ineffectiveness in not pursuing appeal following conviction after trial). Accordingly, we also follow the Laycock analysis in this case, in which Mr. Briggs voluntarily and intelligently pled guilty. But see United States v. Youngblood, 14 F.3d 38, 40 (10th Cir.1994) (applying Baker analysis to situation where defendant pled guilty, but finding effective assistance where defendant received the proper explanations from his lawyer, and "the transcript of the hearing makes it clear that [the defendant] never affirmatively indicated any desire to appeal to his counsel or to the district judge").