72 F.3d 139
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
William D. LITTLE, Defendant-Appellant.
 No. 95-2006.
 United States Court of Appeals, Tenth Circuit.
 Dec. 5, 1995.
 
 Before BRISCOE and LOGAN, Circuit Judges, and THOMPSON,** District Judge.
 ORDER AND JUDGMENT[1]
 THOMPSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant appeals from the district court's denial of his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. 2255. In the 2255 motion, defendant alleged that he was sentenced improperly and was denied his right to appeal the sentence due to ineffective assistance of counsel. The district court concluded that the 2255 motion was procedurally barred due to failure to pursue a direct appeal of the judgment. Reviewing the district court's legal rulings de novo and its findings of fact under a clearly erroneous standard, United States v. Kissick, No. 95-6055, 1995 WL 648712, at * 2 (10th Cir. Nov. 6, 1995), we affirm.
 
 
 3
 Defendant was indicted for importation of marijuana and possession with intent to distribute more than 100 kilograms of marijuana. After negotiations, he agreed to plead guilty to an information charging importation of less than 100 kilograms of marijuana. After, among other things, granting defendant a two-point reduction for being a minor participant, the district court sentenced defendant to fifty-one months' imprisonment. The district court advised defendant of his appeal rights, and defendant indicated that he understood those rights. No direct appeal was taken.
 
 
 4
 Over a year and a half later, defendant filed his 2255 motion. After appointing counsel for defendant and holding an evidentiary hearing, the magistrate judge concluded that the motion was barred by procedural default and that no fundamental miscarriage of justice would result from failure to address the merits of the motion. Accordingly, the magistrate judge recommended the motion be denied. The district court adopted the magistrate judge's recommendation with minor amendment and dismissed the action.
 
 
 5
 On appeal, defendant continues to argue that ineffective assistance of counsel excuses any procedural default. According to defendant, the record establishes that trial counsel did not effectively communicate to defendant, and defendant did not understand, his right to appeal his sentence.
 
 
 6
 Section 2255 is not available to test the legality of matters which should have been raised on direct appeal. United States v. Cook, 45 F.3d 388, 392 (10th Cir.1995). Thus, a defendant who fails to present an issue on direct appeal is barred from raising the issue in a 2255 motion unless the defendant can show cause for procedural default and actual prejudice resulting from alleged errors or a fundamental miscarriage of justice if the claim is not addressed. United States v. Allen, 16 F.3d 377, 378 (10th Cir.1994)(applying this standard to collateral attack on sentence). A defendant may establish cause for procedural default by showing he received ineffective assistance of counsel. Cook, 45 F.3d at 392. "In order to establish ineffective assistance of counsel, a defendant must show: (1) that his attorney's performance was constitutionally deficient; and (2) that this deficient performance was prejudicial." Kissick, 1995 WL 648712, at * 5. Under the first step, the defendant must prove counsel made serious errors and overcome the presumption that the attorney's actions were sound trial strategy. Id. Under the second step, the defendant must show a reasonable probability that the result of the proceedings would have been different without the attorney's deficient performance. Id. Here, we need only address whether the failure to perfect an appeal was constitutionally deficient. See Romero v. Tansy, 46 F.3d 1024, 1030-31 (10th Cir.), cert. denied, 115 S.Ct. 2591 (1995)(presuming prejudice when counsel's conduct falls below objective standard of reasonableness).
 
 
 7
 Under the circumstances of this case, there was no cause due to ineffective assistance of counsel excusing procedural default. The district court correctly found that defendant was advised in court after sentencing that he had a right to appeal his sentence and that defendant acknowledged that he understood his right. Also, defendant subsequently informed his trial counsel's secretary that he did not want to appeal. At no time did defendant ever indicate to counsel that he desired to appeal. The district court further found the attorney's and secretary's deposition testimony to be more credible than defendant's hearing testimony, and defendant has presented no reasons to disturb the credibility findings. Additionally, the record shows counsel's strategy in representing defendant, advising him that if he appealed he could lose minor participant status and that there had been no sentencing error. See United States v. Youngblood, 14 F.3d 38, 40 (10th Cir.1994).
 
 
 8
 Defendant next argues that he was prejudiced by his attorney's failure to file an appeal. Because defendant has failed to establish cause for his procedural default, we need not address the issue of prejudice. Defendant has not argued on appeal that there would be a fundamental miscarriage of justice if his claims are not heard on the merits. Nonetheless, we have considered such an argument and conclude there would not be a fundamental miscarriage of justice.
 
 
 9
 Accordingly, the judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 **
 Honorable Ralph G. Thompson, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470