**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 29 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

MICHAEL SMOUSE,

       Petitioner-Appellant,

v.

DONALD A. DORSEY, Warden,
Southern N.M. Correctional Facility;
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

       Respondents,

and

RON LYTLE, Warden, Southern N.M.
Correctional Facility,

       Respondent-Appellee.

No. 96-2274
(D.C. No. CIV 95-0246 HB/JHG)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before PORFILIO and LUCERO, Circuit Judges, and MARTEN,[**] District Judge.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     The Honorable J. Thomas Marten, District Judge, United States District Court for the District of Kansas, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

In May 1993, petitioner was arrested on thirty counts of criminal sexual penetration and one count of criminal sexual contact arising from his sexual conduct with his young daughter. In December 1993, petitioner pleaded guilty in state court to four counts of criminal sexual penetration, and the remaining counts were dismissed. Each of the four counts carried with it a mandatory sentence of eighteen years. Petitioner, therefore, faced a potential sentence of as little as eighteen years (all sentences concurrent) or as great as seventy-two years (all sentences consecutive). Petitioner received a sentence of thirty-six years.

Thereafter, petitioner filed a motion for post-conviction relief, challenging the voluntariness of his plea and the length of his sentence, which the state courts denied on the merits. Petitioner then filed the present federal habeas petition challenging the voluntariness of his plea. The district court appointed counsel to represent petitioner and held an evidentiary hearing on petitioner's claims. Based on the state court record and the evidence adduced at the evidentiary hearing,

the district court determined petitioner's plea was voluntary and denied habeas relief.

On appeal, petitioner challenges the voluntariness of his plea on two grounds. First, he argues his counsel was constitutionally ineffective because he failed to investigate potential defenses based on petitioner's mental state before advising petitioner to plead guilty. Second, petitioner contends his counsel gave him false assurances of leniency, which coerced him to plead guilty. Before petitioner can proceed on appeal, he must obtain a certificate of probable cause from this court.[1] We will not grant the certificate absent "a substantial showing of the denial of an important federal right." Gallagher v. Hannigan, 24 F.3d 68, 68 (10th Cir. 1994).

"Performance by defense counsel that is constitutionally inadequate can render a plea involuntary." Romero v. Tansy, 46 F.3d 1024, 1033 (10th Cir. 1995). To establish a claim of ineffective assistance of counsel, petitioner must

---

[1] Because petitioner filed the present habeas petition in federal court before enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, AEDPA's certificate of appealability requirements do not apply to this appeal. See United States v. Kunzman, ___ F.3d ___, No. 96-1310, 1997 WL 602507, at *1 n.2 (10th Cir. Oct. 1, 1997). Rather, we apply the pre-AEDPA certificate of probable cause requirements, which are substantively the same, see Lennox v. Evans, 87 F.3d 431, 434 (10th Cir. 1996), cert. denied, 117 S. Ct. 746 (1997), overruled in part by Kunzman, 1997 WL 602507 at *1 n.2. We, therefore, construe petitioner's application for a certificate of appealability as an application for a certificate of probable cause.

show both that his counsel's performance "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and that his counsel's deficient performance was prejudicial, id. at 693. To satisfy the "prejudice" prong, petitioner must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Turning to the first prong of the Strickland analysis, we note that "whether counsel's failure to investigate a possible defense was reasonable may be determined or substantially influenced by the defendant's own statements or actions." Romero, 46 F.3d at 1029 (quotation omitted). Petitioner's trial counsel, Scott Curtis, testified at the evidentiary hearing he did not investigate the possibility of defenses based on petitioner's mental state because he had no indication such an investigation was warranted. Curtis said his conversations with petitioner led him to believe petitioner understood the charges against him, how the criminal process worked, and that petitioner understood what he had done was wrong and felt great remorse for his actions. Curtis felt petitioner was able to assist with his case, and was not concerned about petitioner's competence. Curtis also testified that "nothing indicated that [petitioner] had any kind of a mental problem that would provide an insanity or diminished-capacity defense." R. Vol. II at 15.

While petitioner testified he was very depressed after his arrest and he had a hard time completing tasks, his testimony did not undermine Curtis' assessment. Moreover, the magistrate judge who conducted the evidentiary hearing found Curtis' testimony "completely credible," and, to the extent his testimony conflicted with that of other witnesses, the magistrate judge found Curtis' testimony "to be the more credible." R. Vol. I, Doc. 43 at 6. Absent clear error, we must accept those factual findings of the district court based on live testimony presented at an evidentiary hearing. See Romero, 46 F.3d at 1028. Given the circumstances presented to Curtis, petitioner has not shown that Curtis' failure to investigate possible mental health defenses was unreasonable.

Nor has petitioner shown how Curtis' failure to investigate prejudiced him. Petitioner has not identified what evidence would likely have been uncovered had Curtis obtained a mental evaluation of petitioner before the guilty plea, nor has petitioner indicated how this evidence would have supported a defense to the criminal charges or how it would have altered his decision to plead guilty. See id. at 1033; see also Hill, 474 U.S. at 59 (discussing how to assess prejudice flowing from counsel's alleged failure to investigate).

Curtis did seek a mental evaluation of petitioner before the sentencing phase, to see if there were mitigating circumstances that would support an argument for concurrent sentencing. That evaluation revealed petitioner had an

average intelligence, he was "significantly depressed and worried," he had "dependent and passive-aggressive tendencies," and he might have problems with alcohol abuse and dependency. R. Vol. II, Pet. Ex. 2 at 6-7. Petitioner has not suggested any of these findings would be a defense to his criminal acts. Though the testimony at the evidentiary hearing indicated petitioner had engaged in bouts of heavy drinking after the criminal charges were filed, there is no indication in the record petitioner was drinking on any of the thirty-one occasions he allegedly assaulted his daughter. As to the diagnosis of severe depression, Curtis testified depression is not a defense to the crimes charged and it would not have been reasonable to pursue a defense on that basis.

We turn, then to petitioner's second argument on appeal: that his counsel coerced him to plead guilty by giving him false assurances of leniency. Specifically, petitioner contends Curtis led him to believe he would receive only eighteen years of incarceration. "A plea may not be voluntary when an attorney materially misinforms the defendant of the consequences of the plea or the court's probable disposition." Laycock v. New Mexico, 880 F.2d 1184, 1186 (10th Cir. 1989). "[A]n attorney's unfair representation of probable leniency may be found coercive." Id.

Based on the testimony at the evidentiary hearing, the magistrate judge found Curtis did not make any misrepresentations about the length of the sentence

petitioner faced if he pled guilty. Our own review of the hearing transcript verifies this finding. Further, even if Curtis had made inaccurate sentencing predictions to petitioner, the audio tape of the plea hearing reflects the court advised petitioner several times the total length of his sentence was entirely within the court's discretion and if the court chose to make the sentences for all four counts run consecutively, petitioner could receive a seventy-two-year sentence. "[N]o prejudice [arises] from counsel's inaccurate sentence or parole predictions where the court cure[s] the defect by providing the proper information." Lasiter v. Thomas, 89 F.3d 699, 703 (10th Cir.), cert. denied, 117 S. Ct. 493 (1996).

Finally, the evidence of record belies petitioner's present contention that he would not have pleaded guilty to the four counts had he realized he would receive a thirty-six-year sentence. Petitioner had admitted to Curtis the commission of more than four instances of sexual penetration. Also, Curtis testified petitioner was adamant from the outset that he did not want to go to trial because he did not want to subject his daughter to the criminal process. Instead, petitioner "wanted to get this behind him and admit what he had done, and try to fix the wounds that had been done prior to him being charged." R. Vol. II at 15. These facts make it unlikely that petitioner would have chosen to go to trial on the thirty-one counts

charged, rather than enter a plea of guilty to four of the charges.  See <u>Harvey v. McCaughtry</u>, 11 F.3d 691, 694 (7th Cir. 1993).

Based upon our review, we conclude that petitioner has not made "a substantial showing of the denial of an important federal right by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings," <u>Gallagher</u>, 24 F.3d at 68.  Therefore, the certificate of probable cause is DENIED and the appeal is DISMISSED.  The mandate shall issue forthwith.

Entered for the Court


J. Thomas Marten
District Judge