Michael R. **ROMERO,** Petitioner–
Appellant,

v.

Robert J. **TANSY** and Attorney General
of the State of New Mexico,
Respondents–Appellees.

Nos. 94–2009, 94–2011.

United States Court of Appeals,
Tenth Circuit.

Jan. 31, 1995.

Stephen P. McCue, Supervisory Asst., Federal Public Defender, Albuquerque, NM, for appellant.

Patricia A. Gandert, Asst. Atty. Gen. (Tom Udall, Atty. Gen. of New Mexico, Santa Fe, NM, with her on the brief), for appellees.

Before TACHA, McKAY, and BALDOCK, Circuit Judges.

TACHA, Circuit Judge.

Appellant Michael R. Romero was convicted in New Mexico state court of several offenses, including robbery, armed robbery with a firearm enhancement, and arson, and was sentenced to a total of twenty-five years of imprisonment and two years of parole. He filed three petitions for writs of habeas corpus in federal district court pursuant to 28 U.S.C. § 2254, claiming various constitutional infirmities in his state court proceedings. He now appeals the district court's denial of his petitions. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm in part and remand in part.

## I. Background

This case's relevant history began on March 27, 1985, with the armed robbery of a hardware store in Chimayo, New Mexico. According to Ms. Genevieve Montoya, who was working at the store when the robbery occurred, a young Hispanic male entered the store and robbed her at gunpoint. Shortly thereafter, Ms. Montoya described the perpetrator to a New Mexico state police officer. Based on this information, the police prepared a photo array to present to Ms. Montoya. The day after the robbery, Ms. Montoya selected appellant's photograph from the array as the perpetrator.

On May 14, 1985, an indictment charging appellant with armed robbery with a firearm enhancement was filed in the First Judicial District Court for the State of New Mexico. Appellant pled not guilty and proceeded to trial on August 27, 1985 (case number 85–29). At the time of his trial for armed robbery, two other criminal actions were pending against appellant in the First Judicial District Court. Those actions included charges of robbery, another armed robbery, larceny, receiving stolen property, aggravated battery, and aggravated assault.

Mr. Jim D. James represented appellant at trial in case number 85–29. After a one-day trial, appellant was convicted of armed robbery with firearm enhancement. Roughly two weeks later, two more indictments were filed against appellant in the First Judicial District Court charging him with arson, armed robbery with firearm enhancement, and aggravated assault.

On October 7, 1985, before sentencing in case number 85–29, appellant entered a plea and disposition agreement with the State of New Mexico. Under the terms of the agreement, appellant pled guilty to a single offense in each of the four untried criminal actions pending against him. In exchange, the state guaranteed appellant that his total sentence of imprisonment for his five convictions—his conviction by a jury in case number 85–29 plus his four convictions for the offenses to which he was pleading guilty—would not exceed twenty-five years. Appellant would first be sentenced in case number 85–29, and that sentence would be set independently of the plea agreement. Appellant then would be sentenced for the other four offenses, with his total time of imprisonment (including his sentence for case number 85–29) not exceeding twenty-five years.

On November 19, 1985, appellant was sentenced to ten years' imprisonment and two years' parole in case number 85–29. He filed no direct appeal in that case. On December 6, 1985, appellant was sentenced for the four remaining offenses. In accordance with his plea agreement, his combined sentence for all five convictions was twenty-five years plus a parole term of two years.

Four years later, in December of 1989, appellant filed a pro se petition for a writ of habeas corpus in New Mexico state district court. His petition asserted that he had been denied effective assistance of counsel at his trial in case number 85–29, that Ms. Montoya's in-court identification of appellant was unconstitutionally suggestive and unreliable, and that his guilty pleas in the four other cases were involuntary. On January

12, 1990, the New Mexico court summarily dismissed the petition. Two weeks later, appellant filed a petition for a writ of certiorari with the New Mexico Supreme Court. That petition was denied on February 6, 1990.

On July 6, 1990, appellant filed three separate habeas petitions in federal district court pursuant to 28 U.S.C. § 2254. The district court consolidated the petitions and referred the matter to a magistrate judge for proposed findings and recommended disposition. The consolidated petition raised the same claims that appellant asserted in his state habeas petition: He received ineffective assistance of counsel at trial, Ms. Montoya's in-court identification was unconstitutional, and his guilty pleas were involuntary. Appellant also claimed that the evidence was insufficient to sustain his conviction in 85–29.

The magistrate judge held an evidentiary hearing concerning appellant's contentions on November 9, 1992. On November 30, 1993, the magistrate judge filed his proposed findings and recommended disposition, which recommended that appellant's petitions be denied. After reviewing the magistrate judge's conclusions de novo, the district court adopted the proposed findings and recommended disposition and dismissed appellant's action with prejudice. Mr. Romero now appeals.

## II. Procedural Bars

■ Before addressing the merits of appellant's petitions, we must consider whether his claims are procedurally barred. As the Supreme Court recently stated in *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), where

> a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Id.* at 750, 111 S.Ct. at 2565. In this case, appellant did not directly appeal any of the five convictions that he now challenges. Moreover, the New Mexico state court that summarily dismissed appellant's state habeas petition did so without addressing the merits of his claims. Appellant therefore has procedurally defaulted on these claims, so he must demonstrate either cause and prejudice or a fundamental miscarriage of justice for a federal court to review his claims on habeas.

The district court found that, because appellant alleged that his attorney was constitutionally ineffective for failing to perfect a direct appeal, appellant had demonstrated cause for his procedural default. For purposes of this appeal, however, we need not review the district court's ruling in this regard. As we shall explain, all but one of appellant's claims fail on their merits, and appellant has demonstrated cause and prejudice for any procedural default on his one potentially successful claim. We therefore now turn to the merits of appellant's petitions.

## III. Ineffective Assistance of Counsel Claim

■ Appellant first claims that his attorney's performance at trial in case number 85–29 was constitutionally inadequate, depriving him of his Sixth Amendment right to counsel. Specifically, appellant contends that Mr. James was ineffective because he failed to investigate the case and because he failed to perfect a direct appeal of appellant's conviction. The ultimate question of whether a defendant received ineffective assistance of counsel is an issue of law which we review de novo. *Minner v. Kerby*, 30 F.3d 1311, 1316 (10th Cir.1994). A district court's findings of historical fact in regard to an ineffective assistance claim, however, are entitled to deference. *Denton v. Ricketts*, 791 F.2d 824, 827 (10th Cir.1986). Moreover, we review a district court's factual findings based on live testimony presented at the evidentiary hearing only for clear error. *Archuleta v. Kerby*, 864 F.2d 709, 711 n. 2 (10th Cir.), *cert. denied*, 490 U.S. 1084, 109 S.Ct. 2108, 104 L.Ed.2d 669 (1989).

■ To prevail on an ineffective assistance of counsel claim, a defendant must

meet the two-prong test set out by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the defendant must show that his attorney "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687, 104 S.Ct. at 2064. To do so, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688, 104 S.Ct. at 2064. Second, the defendant must demonstrate that his counsel's deficiencies were prejudicial to his defense—"that counsel's errors were so serious as to deprive [him] of a fair trial, a trial whose result is reliable." *Id.* at 687, 104 S.Ct. at 2064. Furthermore, our "scrutiny of counsel's performance must be highly deferential." *Id.* at 689, 104 S.Ct. at 2065. As a reviewing court, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955)).

Appellant's first ground for claiming ineffective assistance alleges that Mr. James failed to investigate appellant's possible alibi defense. Appellant contends that he is innocent of the offense, that he had alibi witnesses, and that an adequate investigation would have uncovered this information. At the evidentiary hearing, Mr. Joey Garcia, appellant's cousin, testified that he and appellant were at a friend's grandmother's house on the day of the robbery and that he related this to his own mother, Ms. Rachel Lopez. Ms. Lopez testified that, after she learned of appellant's alibi, she attempted to contact Mr. James on several occasions. She stated that she successfully reached Mr. James once prior to appellant's trial and informed him of the alibi but that he did not follow-up their conversation with any further investigation. Mr. Garcia testified that he did not attempt to contact Mr. James himself. Finally, appellant testified at the evidentiary hearing that he professed his innocence to Mr. James several times before trial

and specifically told him that he had alibi witnesses.

Counsel's failure to investigate a defendant's case, particularly for purposes of an alibi defense, may render his performance constitutionally inadequate. *Kimmelman v. Morrison*, 477 U.S. 365, 384, 106 S.Ct. 2574, 2587, 91 L.Ed.2d 305 (1986). The Sixth Amendment requires that counsel "make reasonable investigations or make reasonable decisions that particular investigations are unnecessary." *United States v. Soto Hernandez*, 849 F.2d 1325, 1329 (10th Cir.1988). And whether counsel's failure to investigate a possible defense was reasonable "may be determined or substantially influenced by the defendant's own statements or actions." *Strickland*, 466 U.S. at 691, 104 S.Ct. at 2066. "In short, inquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's investigation decisions." *Id.*

Mr. James testified at the evidentiary hearing that he conducted an investigation of appellant's case. He stated that he interviewed some witnesses, reviewed all of the discovery, and discussed the case with appellant. He also stated that Mr. Dick Delgado, a criminal investigator for the New Mexico State Public Defender's office, also investigated appellant's case. Importantly, James further testified that appellant told him that Ms. Montoya could not identify him because he was wearing a hat and sunglasses and because she could not see very well. James inferred from this statement that appellant was at the crime scene and probably committed the robbery. Finally, contrary to appellant's testimony, Mr. James testified that he did not remember appellant ever providing him the names of potential witnesses.

In evaluating the testimony presented at the evidentiary hearing, the district court stated: "To the extent that [appellant's] and Mr. James's testimony contradict one another, I find Mr. James the more credible witness." We find that this conclusion was not clearly erroneous. Thus, for purposes of this appeal, we must accept Mr. James's version of the facts—most importantly, that appellant did not present Mr. James with the

names of witnesses and that appellant made an incriminating statement to Mr. James.

In light of these facts, we find that Mr. James's decision not to pursue further the investigation of his possible alibi did not violate appellant's right to effective assistance of counsel. First, it was reasonable for Mr. James to infer from appellant's statement that appellant committed the offense. "And when a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable." *Strickland,* 466 U.S. at 691, 104 S.Ct. at 2066. Second, contrary to appellant's contentions, Mr. James did in fact investigate appellant's case sufficiently to gain a feel for whether an investigation into the suggested alibi would be helpful. According to his testimony, which the district court found more credible than appellant's, he interviewed witnesses, reviewed the discovery, and discussed the case with appellant. He also had access to Mr. Delgado's investigation. Finally, we must consider the potential value to the defense of the evidence that might have been discovered in assessing the reasonableness of counsel's failure to conduct further investigation; alibi testimony by a defendant's family members is of significantly less exculpatory value than the testimony of an objective witness. Given all of these circumstances, as well as the presumption of effectiveness we must afford counsel's performance, we find that Mr. James's failure to conduct further investigation did not deny appellant effective assistance of counsel.

The second ground on which appellant claims ineffective assistance is that Mr. James failed to perfect an appeal.[1] As a preliminary matter, we note that if counsel's failure to perfect a direct appeal violated appellant's right to effective assistance of counsel, then appellant has demonstrated both cause and prejudice for purposes of overcoming any procedural bar to his claim on federal habeas review. *Jones v. Cowley,* 28 F.3d 1067, 1073 (10th Cir.1994). Thus, even though appellant has procedurally defaulted on this claim, his claim shall nevertheless prevail if it prevails on the merits.

A defendant's right to effective assistance of counsel applies not just at trial but also on direct appeal. *Evitts v. Lucey,* 469 U.S. 387, 396, 105 S.Ct. 830, 836, 83 L.Ed.2d 821 (1985) ("A first appeal as of right ... is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney."); *United States v. Davis,* 929 F.2d 554, 557 (10th Cir.1991). Moreover, this court has held that where a defendant claims that counsel was ineffective for failing to perfect an appeal, he must only satisfy the first prong of the *Strickland* test—that counsel's performance fell below an objective standard of reasonableness. *Abels v. Kaiser,* 913 F.2d 821, 823 (10th Cir.1990) (holding that the district court erred in requiring the defendant to show prejudice); *Hannon v. Maschner,* 845 F.2d 1553, 1558 (10th Cir.1988).[2] In reviewing such claims, we "do not consider the merits of arguments that the defendant might have made on appeal," *Abels,* 913 F.2d at 823; instead, "prejudice is presumed." *Hannon,* 845 F.2d at 1558. Thus,

1. The government contends that, because appellant's sentence in case number 85–29 was included in the 25–year maximum sentence appellant received as part of his plea and disposition agreement, and because case number 85–29 is specifically referred to in the text of the plea agreement, appellant waived his right to appeal his conviction in 85–29. But appellant's written plea agreement, as well as the colloquy between appellant and the presiding judge at appellant's plea hearing, clearly show that the plea and disposition agreement did not affect appellant's sentencing in 85–29; he was sentenced in that case independently of his plea bargain. Consequently, appellant did not waive his right to appeal his conviction on the merits.

2. *Accord Lozada v. Deeds,* 964 F.2d 956, 958 (9th Cir.1992) ("We hold that prejudice is presumed under *Strickland* if it is established that counsel's failure to file a notice of appeal was without the petitioner's consent."); *Bonneau v. United States,* 961 F.2d 17, 23 (1st Cir.1992) (holding that, where a defendant "was deprived of his constitutional right to appeal because of the dereliction of counsel ... he does not have to show that there are meritorious issues to be appealed"); *Williams v. Lockhart,* 849 F.2d 1134, 1137 n. 3 (8th Cir.1988) ("[D]eficient attorney performance in perfecting an appeal is prejudicial under the [*Strickland*] standard for determining ineffective assistance of counsel.") (citation omitted).

the only issue we must address in resolving appellant's claim is whether Mr. James's failure to perfect defendant's appeal was objectively unreasonable.

■ This court recently addressed the parameters of criminal defense counsel's responsibility to perfect an appeal in *Baker v. Kaiser*, 929 F.2d 1495 (10th Cir.1991). The defendant's attorney in *Baker* failed to file a timely notice of intent to appeal. Although the defendant did not tell his attorney that he wished to appeal, no one from counsel's office contacted the defendant during the ten days within which he was required to file the notice of intent to appeal. We held that a defendant does not need to express to counsel his intent to appeal for counsel to be constitutionally obligated to perfect the defendant's appeal. *Id.* at 1500. The Sixth Amendment's guarantee of effective counsel requires that counsel explain the advantages and disadvantages of an appeal, advise the defendant as to whether there are meritorious grounds for an appeal, and inquire whether the defendant wants to appeal his conviction. *Id.* at 1499; *see also United States v. Youngblood*, 14 F.3d 38, 40 (10th Cir.1994). Counsel retains these obligations unless defendant executes a "voluntary, knowing, and intelligent" waiver of his right to counsel on appeal. *Baker*, 929 F.2d at 1500; *see also Hardiman v. Reynolds*, 971 F.2d 500, 506 (10th Cir.1992) ("Merely advising a defendant of his right to appeal is insufficient to satisfy the right to counsel.") (internal quotation omitted). And a defendant's failure to contact counsel "does not suggest that he knowingly and voluntarily waived his right to counsel." *Baker*, 929 F.2d at 1500. Because counsel in *Baker* "never advised [the defendant] of the pros and cons of appealing his conviction, and did not ascertain whether he wanted to appeal," his assistance was constitutionally ineffective. *Id.* at 1499–1500.

■ The New Mexico Rules of Criminal Procedure require that, after a defendant has been convicted in criminal proceedings, defense counsel file with the trial court either a notice of appeal or "an affidavit ... signed and sworn to by defendant and witnessed by counsel stating defendant's decision not to appeal." N.M.R.Crim.P. 5–702(B). In this case, the district court found that "[t]he record reflects that this was not done." But the district court did not ascertain whether appellant voluntarily, knowingly, and intelligently waived his right to appellate counsel. We therefore must remand the case to the district court for findings on this issue. If the district court finds that appellant did not waive his right to counsel on appeal, appellant's case must be held in abeyance for not longer than 120 days from the date of the district court's ruling to allow the New Mexico Court of Appeals with jurisdiction over the case to grant appellant leave to appeal and provide him with assistance of counsel. *See Abels*, 913 F.2d at 823. If the New Mexico court grants appellant such leave, his writ will be dismissed. If the New Mexico court does not grant appellant his appeal within the specified period, the writ concerning case number 85–29 will issue.

## IV. Denial of Due Process

Appellant next claims that he was denied the right to due process on two grounds. First, he asserts that Ms. Montoya's in-court identification of appellant was unnecessarily suggestive and unreliable. Second, he contends that the evidence presented at trial was insufficient to sustain his conviction. We address these claims in turn.

■ To restate briefly, Ms. Montoya selected appellant's photograph from a police photo array the day after the robbery. At appellant's trial, she testified concerning her selection of appellant's photograph from the array and identified appellant in the courtroom as the perpetrator. Appellant contends that Ms. Montoya's in-court identification was unnecessarily suggestive because appellant was the only young Hispanic male seated before the bar. Appellant further asserts that Ms. Montoya's identification testimony was unreliable because she did not remember seeing a defining feature of appellant's appearance—a tattoo reading "lowrider" across his knuckles—even though she testified that she saw the perpetrator hold up a gun for several minutes.

In *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), the Supreme Court stated that "convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Id.* at 384, 88 S.Ct. at 971. Where an eyewitness's pretrial photographic identification was not impermissibly suggestive, the admission of her in-court identification of the defendant does not violate the defendant's right to due process. *See, e.g., United States v. Lopez*, 803 F.2d 969, 973 n. 1 (9th Cir.1986) (holding that if a witness's in-court identification is supported by a pretrial photospread identification and the defendant "does not claim that the photospread procedure was unnecessarily or impermissibly suggestive[,] ... our inquiry ends"), *cert. denied*, 481 U.S. 1030, 107 S.Ct. 1958, 95 L.Ed.2d 530 (1987); *United States v. Davies*, 768 F.2d 893, 903 (7th Cir.) ("Having failed to assert that the [pretrial] photographic identification ... was impermissibly suggestive[,] we will not now hold the subsequent in-court identification invalid."), *cert. denied*, 474 U.S. 1008, 106 S.Ct. 533, 88 L.Ed.2d 464 (1985); *cf. United States v. Gray*, 958 F.2d 9, 14 (1st Cir.1992) (holding that, because the witness' "in court identification followed two other corroborating identifications, appellant has not carried his burden of showing that his in court identification was impermissibly suggestive under the due process clause"). Any suggestiveness in the courtroom identification procedure is a matter for the jury to consider in weighing the persuasiveness of the witness's testimony. *See United States v. Matthews*, 20 F.3d 538, 547 (2d Cir.1994) ("Generally if identification procedures used prior to trial were not unduly suggestive, questions as to the reliability of a proposed in-court identification affect only the identification's weight, not its admissibility.").

In this case, appellant has not claimed that Ms. Montoya's pretrial selection of appellant's photograph from the police photo array prior to trial was unnecessarily suggestive. Consequently, her in-court identification of appellant did not deny him due process. Any suggestiveness surrounding the courtroom identification was a matter to be considered by the jury in weighing the reliability of Ms. Montoya's identification testimony.

Appellant also contends that he was denied due process because the evidence introduced by the government at trial was insufficient to sustain his conviction. A claim challenging the sufficiency of evidence presents a question of law which we review de novo. *Kelly v. Roberts*, 998 F.2d 802, 807 (10th Cir.1993). But a jury's verdict of guilty must be sustained against a claim of insufficient evidence unless no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Cordoba v. Hanrahan*, 910 F.2d 691, 694 (10th Cir.), *cert. denied*, 498 U.S. 1014, 111 S.Ct. 585, 112 L.Ed.2d 590 (1990). And in reviewing the record, we must view the evidence in the light most favorable to the prosecution, *Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789; "we may not weigh conflicting evidence or consider the credibility of witnesses." *Kelly*, 998 F.2d at 808. Rather, we must "accept the jury's resolution of the evidence as long as it is within the bounds of reason." *Grubbs v. Hannigan*, 982 F.2d 1483, 1487 (10th Cir. 1993).

In this case, the record contains sufficient evidence to sustain appellant's conviction for armed robbery with firearm enhancement. Again, Ms. Montoya testified that she identified appellant from the police photo array the day after the crime was committed. She also identified appellant in the courtroom as the perpetrator. New Mexico Police Officer Robert Holguin testified that Ms. Montoya identified appellant's photograph quickly and with certainty. Finally, Mr. Genaro Martinez testified that appellant stated after the robbery that he could not enter the same hardware store because he had "pulled a jale [job] there." Viewing this evidence in the light most favorable to the prosecution, a reasonable trier of fact could have concluded that appellant was the person who robbed the hardware store. The

evidence was therefore sufficient to sustain his conviction.

## V. Voluntariness of Guilty Pleas

Finally, appellant claims that his guilty pleas in the four other cases were involuntary and should be overturned. He asserts that the pleas were involuntary because his attorney, Mr. James, was constitutionally ineffective in investigating those cases, and because he felt he had no other choice but to plead guilty given Mr. James's lack of interest in his case.

■■■ Once a defendant has pled guilty, the only non-jurisdictional avenue for challenging his conviction is to claim that his plea was not knowing and voluntary. *Mabry v. Johnson,* 467 U.S. 504, 508–09, 104 S.Ct. 2543, 2546–48, 81 L.Ed.2d 437 (1984); *Barker v. United States,* 579 F.2d 1219, 1225–26 (10th Cir.1978). Performance by defense counsel that is constitutionally inadequate can render a plea involuntary. *Varela v. Kaiser,* 976 F.2d 1357, 1357 (10th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1869, 123 L.Ed.2d 489 (1993). Again, we analyze claims of ineffective assistance using the *Strickland* standard; appellant must therefore show that Mr. James's performance fell below an objective standard of reasonableness and that appellant was prejudiced thereby. *Strickland,* 466 U.S. at 687–88, 104 S.Ct. at 2064–65. Because appellant has pled guilty, the prejudice prong of the *Strickland* standard requires appellant to show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Laycock v. New Mexico,* 880 F.2d 1184, 1187 (10th Cir.1989); *see also Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).

Appellant contends that Mr. James's performance was ineffective because he failed to investigate adequately the charges to which appellant ultimately pled guilty. But appellant has made no showing of what such an investigation would have discovered and how that would have altered his decision to plead guilty. In other words, appellant has not demonstrated that he would have insisted on going to trial had Mr. James conducted a more thorough investigation. Thus, regardless of whether Mr. James's failure to investigate these charges fell below an objective standard of reasonableness, appellant has not shown that he suffered any resulting prejudice.

■■ Appellant finally claims that his plea was involuntary because, given Mr. James's apparent lack of interest in his cases, appellant felt as if he had no other choice but to plead guilty. First, as we have just stated, appellant has failed to demonstrate that Mr. James's performance in these cases was constitutionally inadequate. Second, appellant testified under oath at his plea hearing that his decision to plead guilty was knowing and voluntary.[3] The judge who presided over appellant's plea hearing accepted appellant's testimony and found that appellant understood the nature and consequences of his pleas.

It is well-established that a defendant's statements on the record, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977); *see also Worthen v. Meachum,* 842 F.2d 1179, 1183–84 (10th Cir.1988) (quoting the same). As the Supreme Court stated in *Blackledge,* a defendant's "subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal." 431 U.S. at 74, 97 S.Ct. at 1629. Appellant's contention that he felt he had no choice but to plead guilty because of his attorney's allegedly lackluster performance—where appellant has failed to show that his attorney was constitutionally inadequate—constitutes such a conclusory allegation. Appellant has failed to demonstrate that his plea was involuntary.

**3.** Specifically, the trial judge asked appellant at his sentencing hearing whether he felt as if pleading guilty "was the only option he had and [he] didn't have any other option at all," and appellant responded, "No, sir." The trial judge also asked, "Are you satisfied that [pleading guilty] is something that you are doing out of your own free will, is this voluntary on your part?", to which appellant responded, "Yes, sir."

## VI.  Conclusion

Appellant was not denied due process of law and his guilty pleas were not involuntary. The district court's denial of appellant's petitions with respect to those claims is **AFFIRMED**.  We **REMAND** the case to the district court for further findings as to whether appellant was denied effective assistance of appellate counsel.