**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 7 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DEL DEE LANG,

      Petitioner-Appellant,

v.

BOBBY BOONE, Warden; STATE
OF OKLAHOMA,

      Respondents-Appellees.

No. 97-5226
(D.C. No. 96-CV-3-C)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY, McKAY,** and **BRISCOE** , Circuit Judges.

---

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner-appellant Del Dee Lang appeals the district court's denial of his petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254. Because petitioner has failed to make a substantial showing of the denial of a federal right, we deny his application for a certificate of probable cause and dismiss the appeal. [1]

On May 1, 1986, petitioner pled guilty to one count of first-degree murder and received a life sentence. He was represented by state-appointed attorneys Jack Gordon and Richard Mosier. Petitioner did not appeal his conviction or sentence within the required ten-day period.

On September 3, 1986, petitioner filed for a transcript at public expense, indicating that he intended to apply for post-conviction relief and that one of his grounds would be the inadequacy of his attorney. Petitioner's motion was denied. A second motion was granted, however, on May 23, 1988, and the transcripts were provided to petitioner in July 1988.

On September 11, 1991, petitioner filed his Application to Withdraw Guilty Plea/Appeal Out of Time/Application for Post-Conviction Relief in the Oklahoma

---

[1] As petitioner filed his petition on January 3, 1996, he is not subject to the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), and need not obtain a certificate of appealability. See United States v. Kunzman, 125 F.3d 1363, 1364 & n.2 (10th Cir. 1997), cert. denied, 118 S. Ct. 1375 (1998). He remains subject to the pre-AEDPA requirement that he obtain a certificate of probable cause, however, by making a substantial showing of the denial of a federal right.

district court. The application raised three grounds for relief, all related to the procedures used by the trial court in accepting the guilty plea. Despite petitioner's acknowledgment under oath that there were no other grounds upon which he wished to attack his conviction and sentence, petitioner made no mention of his attorney's alleged promise to file a direct appeal. Almost a year later, on August 17, 1992, petitioner sought to amend his application to include a claim that counsel promised to file an appeal but failed to do so, thereby depriving petitioner of his rights to an appeal and effective assistance of counsel.

The Oklahoma district court denied petitioner's application on March 4, 1993. The Oklahoma Court of Criminal Appeals affirmed the denial on May 11, 1993, finding that petitioner failed to state a valid reason for his failure to bring a direct appeal, and that, therefore, petitioner had waived all of his claims.

On February 13, 1994, petitioner filed a state application for a writ of habeas corpus in the Oklahoma district court, alleging the prison's conduct of taking money out of his prison account to pay court costs and an assessment was contrary to his sentence and therefore voided the judgment. He also alleged that because the prison altered his sentence, his plea was not knowing and voluntary. The habeas application was denied on January 14, 1995, on the ground that habeas was not the appropriate remedy for petitioner's claims. This denial was affirmed by the Oklahoma Court of Criminal Appeals on March 1, 1995.

On January 3, 1996, petitioner filed his habeas corpus petition in the federal district court. His petition raised ten grounds for relief, including the grounds raised in his state application for post-conviction relief and his state petition for a writ of habeas corpus. Petitioner also claimed he had been denied his right to appeal and his right to effective assistance of counsel, alleging that his attorney promised to file a direct appeal but failed to do so, and that the attorney failed to respond to petitioner's phone calls and letters during the operative ten-day period. The State requested that the petition be denied on the ground that petitioner had procedurally defaulted his claims by failing to raise them on direct appeal.

The district court appointed counsel for petitioner and ordered an evidentiary hearing before a magistrate judge, to determine whether petitioner's allegations of attorney ineffectiveness constituted cause excusing his failure to raise the defaulted issues on direct appeal. Petitioner and his former attorneys testified at the hearing, and a later deposition of the former jailer at the county jail was entered into evidence.

Petitioner testified that (1) attorney Gordon told him the evidence did not support a first-degree murder charge and that he should plead guilty in order to get the case before the appellate court, where they had a better chance of beating the case; (2) Gordon recommended that he remain in the county jail for the

ten-day period after the plea was entered in order to appeal the case; (3) after the plea, Gordon said he would come to the jail the next day to talk about the appeal; (4) when his attorney failed to come to the jail, petitioner attempted to contact him through two phone calls and two letters within the ten-day period, but Gordon did not respond; and (5) petitioner attempted to obtain a transcript immediately in order to file a motion to withdraw the guilty plea or secure an appeal out-of-time, alleging at that time that his attorney was inadequate.

Attorney Gordon testified that (1) he recommended that petitioner plead guilty because the evidence against him was very strong, including a videotaped statement in which petitioner implicated himself in the murder of his grandmother; (2) petitioner never told him he wanted to withdraw his plea or appeal; (3) he never received any phone calls or letters from petitioner requesting to withdraw the plea; (4) he recommended petitioner remain in the county jail for the ten-day period because petitioner had family there who wanted to visit; (5) it would have been in his best interest financially to appeal the case; (6) if the evidence of a crime is weak, it would be a terrible strategy to have the client plead guilty and then argue the case before the court of appeals, and he has never recommended that a client do so; (7) although he did not remember, he probably visited petitioner in the county jail during the ten-day period; and (8) he no longer had the records from petitioner's case.

Attorney Mosier testified that (1) the evidence against petitioner was very strong, including a videotaped confession, and that given the possibility of a death sentence, he recommended that petitioner plead guilty; (2) petitioner never indicated a desire to withdraw his plea either before the plea was given or during the ten-day period following the plea; and (3) he first learned of petitioner's desire to withdraw his plea in February 1987, when petitioner sought his help in obtaining a transcript. In addition, former jailer Honey Markum testified in her deposition that she occasionally assisted inmates in contacting their attorneys, but that she did not remember petitioner or whether she had assisted him in contacting attorney Gordon.

Thereafter, in his report and recommendation, the magistrate judge made the factual findings that petitioner's testimony was not wholly credible and that the testimony of his former attorneys was fully credible and plausible. The magistrate judge relied on the absence of corroborating evidence regarding petitioner's assertions, the implausibility of the attorneys' alleged strategy of advising petitioner to plead guilty because it would be easier to beat the case on appeal, and petitioner's delay in raising his ineffective assistance of counsel claim until August 1992. Upon de novo review, the district court adopted the magistrate judge's recommendation and dismissed the habeas petition on the ground that petitioner's claims were procedurally barred.

To obtain a certificate of probable cause, petitioner must make a substantial showing of the denial of a federal right, by showing the issues raised are of a type that: would cause debate among jurists of reason; this court could resolve the issues raised in a different manner; or the questions raised are adequate to deserve encouragement to proceed further. See Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983). In light of the deference afforded to the magistrate judge's findings of fact, petitioner is unable to meet this standard. That is, petitioner has not persuaded this court of the possibility that the magistrate judge's credibility findings are clearly erroneous. See Smith v. Secretary of N.M. Dep't of Corrections, 50 F.3d 801, 829 (10th Cir. 1995) (reviewing magistrate judge's factual findings for clear error); Romero v. Tansy, 46 F.3d 1024, 1028 (10th Cir. 1995) ("[W]e review a district court's factual findings based on live testimony presented at the evidentiary hearing only for clear error.").

Further, petitioner's claims regarding the prison's improper conduct of taking money out of his prison account to pay court costs and an assessment, while not procedurally barred, do not entitle petitioner to habeas relief. Petitioner submitted no evidence demonstrating that the time at which he would be required to pay costs and the assessment was part of his plea bargain, therefore he has not made a substantial showing that his plea was involuntary. Further, even if we were to construe petitioner's challenge to the execution of his sentence as a

-7-

petition under 28 U.S.C. § 2241, <u>see</u> <u>McIntosh v. United States Parole Comm'n</u>, 115 F.3d 809, 811 (10th Cir. 1997), he has not made a substantial showing that his "custody" violates the Constitution or federal law, <u>see</u> <u>id.</u>; § 2241(c)(3).

For the foregoing reasons, petitioner's application for a certificate of probable cause is DENIED, and the appeal is DISMISSED.

Entered for the Court

Wade Brorby
Circuit Judge