**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 15 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SANDRA MARSH,

       Petitioner - Appellant,

vs.

PENNY LUCERO; ATTORNEY
GENERAL STATE OF NEW
MEXICO,

       Respondents - Appellees.

No. 99-2097
(D.C. No. CIV-97-595-BB/RLP)
(D.N.M.)

### ORDER AND JUDGMENT[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.[**]

Ms. Marsh seeks to appeal from the denial of her habeas petition, 28 U.S.C.

§ 2254, challenging her state conviction for cocaine trafficking. After an

evidentiary hearing, the magistrate judge, whose findings and recommendations

were adopted by the district court, dismissed the action with prejudice. On

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

appeal, Ms. Marsh contends that she received ineffective assistance of counsel because her trial counsel failed to properly impeach the prosecution's key witness, Edgar Millican.

Our review of an ineffective assistance claim is de novo, however, factual findings made by the magistrate judge in the course of an evidentiary hearing on such a claim may be overturned only upon a showing of clear error. See Romero v. Tansy, 46 F.3d 1024, 1028 (10th Cir. 1995). In order to prevail on a claim of ineffective assistance of counsel, Ms. Marsh "must prove that counsel's performance was constitutionally deficient and that counsel's deficient performance prejudiced the defense, depriving the petitioner of a fair trial with a reliable result." Boyd v. Ward, 179 F.3d 904, 913 (10th Cir. 1999) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). This burden requires proof that counsel's actions were "completely unreasonable, not merely wrong." Boyd, 179 F.3d at 914.

Ms. Marsh relies upon two incidents to support her claim. First, she claims that counsel failed to impeach a key prosecution witness about a reprimand received from a prosecutor for false testimony. After conducting an evidentiary hearing, the magistrate judge found that the reprimand incident never occurred. See R. doc. 32 at 4, ¶ 7 ("I do not find [this] version of events credible."). Plainly, whether the incident occurred was controverted; the factual finding

cannot be clearly erroneous.

Ms. Marsh also challenges counsel's failure to impeach Mr. Millican about his driving record and his relationship with Dennis Marsh, Ms. Marsh's ex-husband. At the evidentiary hearing, counsel "testified that he had not considered [the witness'] driving record to be sufficiently important to warrant an investigation." Id. at ¶ 6. Based upon the record, such a determination was not "completely unreasonable."

The findings of the magistrate judge were not clearly erroneous. Because Ms. Marsh has failed to meet her burden under the Strickland test, we DENY her request for a certificate of appealability and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge