**Michael Brian GORDY, Petitioner–Appellant,**

v.

**Steve HARGETT, Warden, Respondent–Appellee,**

**Drew Edmondson, Attorney General, Respondent.**

No. 01–6244.

United States Court of Appeals, Tenth Circuit.

June 6, 2002.

438

Before SEYMOUR, PORFILIO, and BALDOCK, Circuit Judges.

## ORDER AND JUDGMENT *

SEYMOUR, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner Michael Brian Gordy, an Oklahoma state prisoner, seeks a certificate of appealability (COA) to challenge the district court's order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A). We deny issuance of a COA and dismiss the appeal.

In 1991, Mr. Gordy entered a guilty plea to the charge of first degree child abuse murder in the death of his girlfriend's two-year-old son. He was sentenced to life imprisonment. Thereafter, he moved to withdraw his guilty plea, and the Oklahoma Court of Criminal Appeals (OCCA) granted him leave to file an appeal out of

time. In 1999, a state trial court held a hearing on his request to withdraw his guilty plea and denied relief. The OCCA affirmed. Mr. Gordy then filed the underlying habeas petition in federal court. The case was properly assigned to a magistrate judge under 28 U.S.C. § 636(b)(1)(B), who recommended denying relief. The district court adopted the magistrate judge's recommendation and entered a judgment against Mr. Gordy.

Mr. Gordy appeals, claiming his guilty plea was entered in violation of his constitutional rights because (1) his trial counsel provided ineffective assistance by failing to investigate and prepare for trial; (2) he was coerced to plead guilty because his trial attorney was not prepared for the trial scheduled to commence only eighteen days later; (3) a factual basis was not established for the crime; and (4) he is actually innocent of the crime.

This case is governed by the Antiterrorism and Effective Death Penalty Act (AEDP1A), Pub.L. No. 104–132, 110 Stat. 1214 (1996). The issues Mr. Gordy pursues on appeal were raised and decided on the merits in the Oklahoma state courts. Therefore, the federal district court is required to deny the claim unless it (1) resulted in a decision that was contrary to or an unreasonable application of federal law as determined by the Supreme Court, or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d). The state court's factual findings are presumed correct unless the petitioner produces clear and convincing evidence to rebut the presumption. 28 U.S.C. § 2254(e)(1).

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

A state court decision is contrary to established federal law under § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state court decision is an unreasonable application of federal law under § 2254(d)(1) "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413, 120 S.Ct. 1495. An objective standard is used to evaluate the reasonableness of the state court's application of federal law. *Id.* at 409–10, 120 S.Ct. 1495.

■ For a claim of ineffective assistance of counsel, Mr. Gordy must show that his attorney's performance fell below an objective standard of reasonableness and that the substandard performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Mr. Gordy alleges that his trial attorney failed to investigate, but he has made no showing of what an investigation would have revealed and how that would have affected his decision to plead guilty. His appellate appendix is insufficient to support his claim that his trial attorney's performance was deficient. Mr. Gordy also has not met his burden to show that he would have insisted on a trial if his attorney's investigation had been more thorough and, therefore, he has not shown that he was prejudiced by his attorney's performance. *See Romero v. Tansy*, 46 F.3d 1024, 1033 (10th Cir.1995).

■ Mr. Gordy asserts that he felt he had no choice but to plead guilty because his attorney was unprepared for trial and, therefore, his guilty plea was involuntary.

Constitutionally inadequate performance of defense counsel can render a plea involuntary. *Id.* But, as stated above, Mr. Gordy has failed to demonstrate that his trial attorney's performance was constitutionally deficient. In addition, his sworn testimony at his plea hearing established that he knowingly and voluntarily entered a guilty plea, a "formidable barrier in any subsequent collateral proceedings." *Id.* (quoting *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977)). Mr. Gordy points to no evidence, other than his own unsupported statements, that his trial attorney did not investigate or prepare. The "subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal." *Id.* (quotation omitted). Accordingly, he has not shown that his plea was involuntary. *See id.*

■ Mr. Gordy also claims his guilty plea is infirm because there was no factual basis for his plea and because he is actually and factually innocent. We need not address whether the lack of a factual basis could support federal habeas relief. The arguments are based on the testimony of the medical examiner, but only excerpts of her testimony are included in the appellate appendix. Therefore, it is impossible to review these claims and the district court's ruling must be upheld. *See United States v. Svacina*, 137 F.3d 1179, 1187 n. 9 (10th Cir.1998) (declining to consider claim because record did not include documents necessary for review).

Mr. Gordy has not demonstrated that jurists could debate whether the issues could be resolved differently or that the questions presented deserve further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 483–84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Accordingly, he has not made "a substantial showing of the denial of a

constitutional right," and is not entitled to a COA. 28 U.S.C. § 2253(c)(1)(A).

APPEAL DISMISSED.

\*\* This order and judgment is not binding precedent, except under the doctrines of law of

the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.