**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 28 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

EDGAR ROMERO-GALLARDO,

Defendant-Appellant.

No. 03-4126
(D.C. Nos. 2:01-CV-491-TC
& 2:99-CR-405-01-TC)
(D. Utah)

**ORDER AND JUDGMENT** *

Before **KELLY**, **HARTZ**, and **TYMKOVICH**, Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Defendant Edgar Romero-Gallardo, a federal prisoner appearing pro se,

appeals the district court's denial of his motion under 28 U.S.C. § 2255 to vacate,

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

set aside, or correct his sentence. Previously, this court granted a certificate of appealability (COA) on the issue whether Defendant received ineffective assistance of counsel due to counsel's failure to file a motion to suppress evidence. *See* 28 U.S.C. § 2253(c) (providing that a § 2255 movant may not appeal in the absence of a COA, based on a substantial showing of the denial of a constitutional right). We affirm the district court's ruling on the suppression issue and deny a COA on Defendant's remaining issues.

## Background

Defendant was charged in 1999 with federal drug crimes, including four counts of distributing and possessing methamphetamine with intent to distribute and one count of possessing cocaine with the intent to distribute. According to Defendant, police had seized 13 pounds of methamphetamine and 3 kilograms of cocaine while executing a search warrant on his residence. Rather than proceeding to trial, Defendant entered into a plea agreement. The agreement provided for a plea of guilty to one count of distributing 5 pounds of methamphetamine and one count of possession with intent to distribute 12 to 13 pounds of methamphetamine. Defendant indicated his understanding that the relevant conduct for the purposes of computing his sentence guideline range included about 4.7 kilograms of cocaine, as well as 6.8 kilograms of methamphetamine. The government agreed to recommend a sentence of "either

120 months, or the low end of applicable guideline range, **whichever is greater**, in federal custody." R. Supp. Vol. I, Doc. 32 at 6.

At the change-of-plea hearing, the district court inquired into Defendant's satisfaction with his attorney's representation, his realization that no one could predict his guideline range or sentence, and his general understanding of the plea agreement. The district court then allowed entry of the plea.

Factoring Defendant's criminal history under several aliases into the sentencing calculation, the guideline range of imprisonment set out in the presentence report turned out to be 168 to 210 months. The district court sentenced Defendant to a 168-month term of imprisonment, a sentence consistent with the plea agreement.

Defendant filed a direct appeal of his conviction but later asked to withdraw it, stating that he wished to pursue claims of ineffective assistance of counsel under § 2255. This court therefore dismissed the appeal. In § 2255 proceedings Defendant asserted that his counsel provided constitutionally ineffective assistance by failing to (1) file a pretrial motion to suppress the evidence, (2) negotiate a stipulation to a specific sentence, and (3) investigate the law applicable to sentencing. The district court rejected all three claims and dismissed the case.

**Discussion**

**Ineffective-Assistance-of-Counsel Standards**

"A claim of ineffective assistance of counsel presents a mixed question of law and fact which we review de novo." *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000) (internal quotation marks omitted). A defendant who challenges a guilty plea based on ineffective assistance of counsel must demonstrate (1) deficient performance by counsel that (2) caused prejudice to the defendant, such that "'but for counsel's errors, [the defendant] would not have pleaded guilty and insisted on going to trial.'" *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). The analysis takes place in the context of a presumption that an attorney's conduct is reasonably proficient. *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Further, a "defendant's statements on the record, 'as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.'" *Romero v. Tansy*, 46 F.3d 1024, 1033 (10th Cir. 1995) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

**Failure to file suppression motion**

Defendant argues that his attorney should have moved to suppress evidence of the methamphetamine and cocaine found in his home. In district court he asserted that the drugs were the fruit of an illegal search because his attorney had

-4-

reason to believe that the affidavit supporting the search warrant application "contained false and misleading statements of the attesting officer," R., Vol. 1, Doc. 1 at 8. On appeal he does not mention his fraudulent-statement theory. Instead, he claims that the drugs should have been suppressed because the affidavit does not "contain[] any basis on which to have issued a search warrant for [his] residence," Aplt. Br. at 2, other than "the subjective belief of the affiant," *id.* at 8.[1]

Thus, Defendant has shifted his argument under the first prong of the ineffective-assistance analysis. He now claims that his attorney's performance was deficient for failing to act on Defendant's recent observation that the search-warrant affidavit lacked specificity. "Changing to a new theory on appeal that falls under the same general category as an argument presented [to the district court] . . . is not adequate to preserve issues for appeal." *Okland Oil Co. v. Conoco Inc.*, 144 F.3d 1308, 1314 n.4 (10th Cir. 1998) (internal quotation

---

[1]  "Probable cause exists when the facts presented . . . would warrant a man of reasonable caution to believe that evidence of a crime will be found at the place to be searched." *United States v. Harris*, 369 F.3d 1157, 1165 (10th Cir.), *petition for cert. filed* (U.S. Aug. 23, 2004) (No. 04-6011) (internal quotation marks omitted). The challenged affidavit and search warrant are included in the record on appeal. Our examination of these documents does not convince us that the affidavit fails to establish probable cause. It is by no means evident that Defendant's suppression argument is meritorious—a necessary prerequisite for a successful ineffective-assistance claim under these circumstances. *See Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986).

marks omitted). We decline to consider Defendant's theory raised for the first time on appeal. We therefore affirm the district court's rejection of the ineffective-assistance claim arising out of counsel's dispensing with a suppression motion. [2]

**Failure to negotiate a stipulation to a specific sentence**

Defendant also claims that counsel's performance was constitutionally ineffective for failing to negotiate an agreement stipulating to a specific sentence. He makes this assertion without even alleging that the government would have been willing to reach this type of agreement. Thus, he does not establish either deficient performance on the part of his attorney or "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. For substantially the reasons

---

[2] We reach this result without reviewing the district court's determination, based on a quotation from *Lefkowitz v. Newsome,* 420 U.S. 283, 288 (1975), that Defendant's guilty plea barred his challenge to the search warrant. We note, however, that the Supreme Court has held that "a defendant who pleads guilty upon the advice of counsel 'may . . . attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [the range of competence demanded of attorneys in criminal cases].'" *Hill*, 474 U.S. at 56-57 (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). Further, a habeas petitioner may raise a Sixth Amendment issue by arguing that his attorney's handling of a suppression issue was incompetent. *See Kimmelman*, 477 U.S. at 382-83. In sum, a guilty plea does not waive a claim of ineffective assistance of counsel relating to the knowing and voluntary nature of the plea.

expressed in the district court's order, we deny a COA on this aspect of Defendant's ineffective-assistance claim.

**Failure to investigate the law applicable to sentencing**

The final issue that Defendant seeks to raise on appeal is the contention that his attorney failed to investigate sentencing law. The claim is based on sheer speculation that further investigation would have led the attorney to pursue and obtain the government's agreement to a shorter sentence. We agree with the district court that this complaint about counsel does not rise to the level of a constitutional claim. We deny a COA on the issue.

### Conclusion

We AFFIRM the ruling of the district court denying Defendant's claim of ineffective assistance of counsel based on failure to file a suppression motion. As to the remaining claims, we DENY a COA and DISMISS this appeal. Plaintiff's renewed motion for appointment of counsel on appeal and all other pending motions are denied. The mandate shall issue forthwith.

Entered for the Court

Harris L Hartz
Circuit Judge