**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 6, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

STEVEN KEITH WATTERS,

      Petitioner-Appellant,

v.

CHARLES RAY, Warden,

      Respondent-Appellee.

No. 04-7122
(D.C. No. 01-CV-437-P)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **EBEL**, and **MURPHY**, Circuit Judges.

Steven Keith Watters, an Oklahoma state prisoner, appeals the district court's denial of his 28 U.S.C. § 2241 petition asserting constitutional violations in connection with his prison disciplinary hearing. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## FACTUAL AND PROCEDURAL BACKGROUND

After a urine sample from Mr. Watters indicated the presence of cannibinoid (marijuana), prison officials charged him with the offense of individual disruptive behavior. A disciplinary hearing officer found Mr. Watters guilty of the offense and, as punishment, revoked 120 days of earned credits, imposed ten days of disciplinary segregation, and ordered the loss of three non-contact visits. Mr. Watters' administrative appeals were denied.

Through an attorney, he then filed a petition for a writ of mandamus in state district court claiming that prison officials violated his rights to due process and equal protection. Specifically, he alleged constitutional error in the prison's failure to perform a confirmation test, its refusal to accept live testimony at the disciplinary hearing, and its failure to provide chain of custody evidence. The state district court made factual findings concerning the evidence against Mr. Watters and the conduct of prison proceedings. Applying the standards set out by the Supreme Court in *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985), and *Wolff v. McDonnell*, 418 U.S. 539, 564-67 (1974), the court concluded that there was some evidence to support disciplinary sanctions and that Mr. Watters had received the process due under the United States Constitution. It therefore denied mandamus relief.

Mr. Watters appealed to the Oklahoma Supreme Court, which transferred the case to the Oklahoma Court of Criminal Appeals (OCCA). That court declined to assume original jurisdiction because Mr. Watters' filing did not include a certified copy of the record in accordance with its rules. In an effort to cure this omission, his attorney filed a motion for reconsideration, along with a Designation of Appellate Record. The attorney stated that the failure to comply with court rules was attributable to his own administrative error. OCCA denied the motion.

Mr. Watters turned to federal district court for § 2241 habeas relief. Respondent moved for dismissal, arguing that Mr. Watters was procedurally barred from raising his claims in federal court because he had failed to properly appeal the state district court's denial of relief. As respondent explained, federal habeas courts do not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless petitioner shows cause and prejudice or a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Demarest v. Price*, 130 F.3d 922, 941-42 (10th Cir. 1997). Mr. Watters' counsel asserted that his own failure to follow OCCA rules should not result in denial of habeas relief to his client.

The magistrate judge assigned to the case characterized Mr. Watters' effort to remove the procedural bar as a claim of ineffective assistance of counsel, to be

evaluated under the two-part *Strickland* test which requires a showing of deficient performance and prejudice resulting from the deficiency. *See Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984). The magistrate judge found that counsel's failure to perfect an appeal of the mandamus fell below an objective standard of reasonableness and, citing the case of *Romero v. Tansy*, 46 F.3d 1024, 1031 (10th Cir. 1995), presumed that Watters was prejudiced by that failure.

Assuming that Mr. Watters had overcome the procedural bar, the magistrate judge proceeded to evaluate the merits of his claims. She reviewed the state district court's decision and decided that the denial of relief was based on a reasonable determination of the facts and clearly established federal law. Accordingly, she recommended that the action be dismissed. *See* 28 U.S.C. § 2254(d)(1)-(2) (providing that a federal court will grant habeas relief only if a state court adjudication on the merits "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"). After consideration of Mr. Watters' objections, the district court adopted the magistrate judge's recommendation and later denied Mr. Watters' application for a certificate of appealability.

On appeal, this court granted a certificate of appealability and directed respondent to file an appellate brief addressing Mr. Watters' issues. Respondent was also required to discuss "whether an Oklahoma state prisoner is constitutionally entitled to the assistance of counsel when he seeks review of his prison disciplinary proceeding through a state writ of mandamus, and whether the ineffective assistance of any such counsel can constitute cause for procedural default." Order of August 18, 2005 at 1-2. The case is now fully briefed.

DISCUSSION

This court reviews de novo the threshold question of whether Mr. Watters was procedurally barred from seeking § 2241 habeas review in federal district court. *See Anderson v. Attorney Gen.*, 342 F.3d 1140, 1143 (10th Cir. 2003). The proper starting point in the analysis is the well-established rule that inmates do not have a right to counsel in prison disciplinary proceedings. *See Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976); *Wolff*, 418 U.S. at 570. A corollary is that there is no right to counsel in an action for judicial review of the prison's decision. In the absence of such a right, an inmate has no claim of ineffective assistance of counsel. *Coleman*, 501 U.S. at 755-57 (refusing to recognize a right to counsel on collateral review of a criminal conviction).

The district court incorrectly drew an analogy between a direct criminal appeal and an action for judicial review of a prison disciplinary ruling. A criminal

defendant has a right to effective assistance of counsel at trial and on direct appeal. *Romero*, 46 F.3d at 1030. For this reason, *Strickland* prejudice is presumed if ineffective counsel fails to perfect an appeal. *Id.* This principle, however, has no application where there is no right to counsel. And if a prisoner lacks the right to counsel, "any attorney error that led to the default of [his] claims in state court cannot constitute cause to excuse the default in federal habeas." *Coleman*, 501 U.S. at 757.

We conclude that Mr. Watters' claim of ineffective assistance of counsel does not excuse his failure to appeal the state court's mandamus ruling. Further, our review of the record does not reveal a fundamental miscarriage of justice. Because Mr. Watters has not shown sufficient cause to overcome the procedural bar, we AFFIRM the district court's denial of habeas relief without reaching the merits of his appellate issues.[1] Mr. Watters' Motion for Leave to File Out-of-Time Reply Brief and Motion to Proceed In Forma Pauperis are GRANTED.

---

[1] This court is "free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court." *United States v. Sandoval*, 29 F.3d 537, 542 n.6 (10th Cir. 1994) (quotations omitted). It should be noted, however, that we do not disagree with the district court's merits determination that Mr. Watters failed to demonstrate entitlement to habeas relief under the standard of 28 U.S.C. § 2254(d)(1).

Entered for the Court


David M. Ebel
Circuit Judge